USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/10/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CERTAIN UNDERWRITERS AT LLOYD'S OF :
LONDON, *Subscribing to Policy No. 7548412000415* :
:
                                      **Plaintiff,** :        18-CV-10409 (ALC)
:
            -against- :        **OPINION & ORDER**
:
MSC MEDITERRANEAN SHIPPING COMPANY :
S.A., ET. AL, :
:
                                      **Defendants.** :
------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff, Certain Underwriters at Lloyd's of London, brings claims against Defendants, MSC Mediterranean Shipping Company, S.A. and Mediterranean Shipping Company (USA) Inc. (collectively, "Defendants"), alleging damage to ocean cargo of shoe cover dispensers and armchairs. Defendants filed both a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) and a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion to dismiss is **DENIED** and their motion for a more definite statement is **GRANTED**.

## BACKGROUND

The following facts are taken from allegations contained in Plaintiff's Amended Complaint and are presumed to be true for purposes of these motions.

Plaintiff alleges that Defendants undertook to transport shoe cover dispensers and armchairs (the "Cargo") from Barcelona, Spain to Long Beach, California. *See* First Amended Complaint (ECF No. 6) at 3. In transit, the Cargo was severely wetted and it arrived damaged to Long Beach. Plaintiff insured the risk of loss for the Cargo while in Defendants' care pursuant to the terms of policy number 7548412000415 and Plaintiff satisfied the obligations under the policy.

*Id.* As a result of the damage to the Cargo, Plaintiff suffered damages in excess of $93,400. *Id.* Plaintiff brings claims under the Carriage of Goods by Sea Act, 46 U.S.C. §30701 et seq.; and for breach of contract, negligence, and breach of bailment.

Plaintiff filed a Complaint on November 8, 2018, ECF No. 1, and an Amended Complaint on November 19, 2018, ECF No. 6. Defendants filed the instant motion for a more definite statement and motion to dismiss on February 14, 2019. ECF No. 23. Plaintiff filed an opposition that very same day, ECF No. 26, and Defendants replied on February 21, 2019, ECF No. 27. This case was re-assigned to the undersigned on February 20, 2020.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). This Rule only applies where a pleading is "sufficiently intelligible for the district court to make out one or more potentially viable legal theories . . . sufficient to survive a Rule 12(b)(6) motion . . . [but] the pleading [is] also so vague or ambiguous that the opposing party cannot respond to it . . . with a pleading that can be interposed in good faith or without prejudice to himself." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 at 311 (3d ed. 2004)). Rule 12(e) "is designed to remedy unintelligible pleadings, not to correct for lack of detail." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 233 F.R.D. 133, 134 (S.D.N.Y. 2005) (quotation omitted).

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded

factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff's Amended Complaint lacks details that are necessary for Defendants to adequately respond. Although the Amended Complaint alleges that Defendants transported shoe cover dispensers and armchairs from Barcelona to Long Beach, it does not specify the name of the shipment, the container number, the bill of lading number, the date of the shipment, or the contract that was breached. Without this, or any other identifying information, Defendants may not be able to accurately ascertain which shipment Plaintiff is referencing and whether the statute of limitations (or other defenses) has run on Plaintiff's claims. *See* Defendants Memorandum of Law in Support ("Def. Memo") (ECF No. 25) ("Without these necessary details, it would be impossible for MSC to respond to the Complaint as it is unclear what shipment is at issue.") at 4.

Defendants, based on their understanding and belief, have proposed a potential shipping container number, bill of lading number, and date of shipment. Based on this potential information, Defendants argue that Plaintiff's claims must be dismissed. *See* Def. Memo at 4–5. The Court

3

disagrees. Defendants cannot supply facts to Plaintiff's ambiguous complaint and then rely on those facts to argue that Plaintiff's claims should be dismissed. Instead, the appropriate remedy in this case is to grant Plaintiff leave to file a second amended complaint to address the deficiencies identified in Defendants' motion for a more definite statement. *See Precise-Mktg. Corp. v. Simpson Paper Co.*, No. 95-CV-5629, 1996 WL 285364, at *2 (S.D.N.Y. May 30, 1996) ("A motion to dismiss should be granted when it appears that a plaintiff can prove no set of facts in support of the claim which would entitle him to relief—it is not appropriate when a plaintiff may prevail on the merits of a claim after a further exposition of the facts."). The Parties agree that Plaintiff should be granted leave to amend to address the deficiencies identified by Defendants. *See* Plaintiff's Memorandum in Opposition (ECF No. 26) at 4 ("Accordingly, Plaintiff requests that the Court grant it leave to amend the FAC so as to add any sufficient detail as the Court deems appropriate."); Def. Memo at 4 ("As such, this Court should grant MSC's request for a more definite statement."). Defendants' motion to dismiss is premature and may be renewed once Plaintiff provides the factual basis for Defendants to adequately respond to the complaint.

## CONCLUSION

For the reasons stated above, Defendants' motion for a more definite statement is **GRANTED** and their motion to dismiss is **DENIED** without prejudice. Plaintiff is hereby **ORDERED** to provide a second amended complaint on or before **March 23, 2020.**

**SO ORDERED.**

**Dated:** March 10, 2020
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

4